**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOHN M. BORN, individually and as
Executor of the Estate of
ANGELA MARIE BORN,

              Plaintiff,

v.                                     CIVIL ACTION NO. 3:26-0260

DEPUTY C. FORD, in his individual capacity
as a Deputy Sheriff and police officer of the
Putnam County Commission;
JOHN DOES PUTNAM COUNTY
POLICE OFFICERS, in their individual
capacities as Deputy Sheriffs and police officers
of the Putnam County Commission;
PUTNAM COUNTY COMMISSION,
a political subdivision;
JOHN DOES CITY OF HURRICANE POLICE
OFFICERS, in their individual capacities as police
officers of the City of Hurricane; and
CITY OF HURRICANE, a political subdivision,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff John M. Born's Motion to Hold Consideration of Pending

Motions to Dismiss in Abeyance and Stay Such Deliberation to Allow Sufficient Time for the

Filing of a Motion for Leave to Amend Complaint (ECF No. 36, Pl.'s Mot.).

According to the Motion, Plaintiff plans to amend his Complaint using information from a

subpoena response and Defendants' initial disclosures. *See* Pl.'s Mot. 2–3.

Since this Court's Scheduling Order sets September 1, 2026 as the deadline for amended

pleadings, *see* ECF No. 23 ¶ 1, the Court would likely grant a motion for leave to amend filed

before then. *See* Fed. R. Civ. P. 15(a)(2) (stating a court "should freely give leave" to amend a pleading "when justice so requires"). It is almost certain, then, that Plaintiff will file an amended complaint in this case.[1] An amendment would likely moot Defendants' Motions to Dismiss. *See Turner v. Knight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002). Accordingly, the Court agrees with Plaintiff that "addressing [the Defendants' Motions to Dismiss] now, only to have the operative pleading superseded by amendment, would result in an unnecessary expenditure of the parties' and the Court's resources . . . ." Pl.'s Mot. 4.

Defendants Deputy C. Ford and Putnam County Commission argue the Court should deny Plaintiff's Motion because Defendants have already provided Plaintiff with a lot of information about the events at issue in this case. *See* ECF No. 37, at 2. But even if Plaintiff has already received some information, he still may be able to use additional information he receives from the subpoena response or initial disclosures to amend his Complaint.

Defendant City of Hurricane, meanwhile, argues the Court should deny Plaintiff's Motion because amendment could not cure the defects the City raised in its Motion to Dismiss. *See* ECF No. 38, at 2–3. The Court disagrees. Amendment might affect at least some of the City's dismissal arguments. For example, the City's Motion to Dismiss argues Counts V and VII of Plaintiff's Complaint should be dismissed "because they contain only conclusory allegations." ECF No. 8, at 17. Additional factual allegations, then, might well influence the Court's deliberation of Defendants' Motions to Dismiss.[2]

---

[1] Even if the Court granted Defendants' Motions to Dismiss and dismissed Plaintiff's case, Plaintiff would likely amend his pleadings and file a new action.

[2] The City also argues W. Va. Code § 29-12A-5(a)(4)–(5) immunize the City from liability for Counts V and VII. *See* ECF No. 8, at 15–16. If this argument were persuasive, additional factual allegations would not, in fact, affect the Court's deliberation of the City's Motion with respect to these Counts. But the Court is not persuaded by the City's immunity argument. W. Va. Code § 29-12A-5(a)(4) immunizes "[a] political subdivision . . . from liability if a loss or claim results from . . . [a]doption or failure to adopt a law, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy . . . ." W. Va. Code § 29-12A-5(a)(5), meanwhile, immunizes

The Court **GRANTS** Plaintiff's Motion to Hold Consideration of Pending Motions to Dismiss in Abeyance and Stay Such Deliberation to Allow Sufficient Time for the Filing of a Motion for Leave to Amend Complaint (ECF No. 36). The Court **DIRECTS** Plaintiff to file a motion for leave to amend his Complaint **on or before August 17, 2026**. The Court **STAYS** its deliberation of Defendants' Motions to Dismiss.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        July 28, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

"[a] political subdivision . . . from liability if a loss or claim results from . . . the method of providing police, law enforcement or fire protection . . . ." Counts V and VII assert the City negligently trained and supervised its employees. *See* ECF No. 1 ¶¶ 156, 176. Neither Count relates to the "adoption or failure to adopt a law." Nor do they relate to "the method of providing police, law enforcement or fire protection." *See Woods v. Town of Danville*, 712 F. Supp. 2d 502, 514 (S.D. W. Va. 2010) (holding subsection (a)(5) "does not contemplate immunity where a plaintiff sues based on negligent hiring and supervision of an employee").