**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOHN M. BORN, individually and as
Executor of the Estate of
ANGELA MARIE BORN,

Plaintiff,

v. CIVIL ACTION NO. 3:26-0260

DEPUTY C. FORD, in his individual capacity
as a Deputy Sheriff and police officer of the
Putnam County Commission;
JOHN DOES PUTNAM COUNTY
POLICE OFFICERS, in their individual
capacities as Deputy Sheriffs and police officers
of the Putnam County Commission;
PUTNAM COUNTY COMMISSION,
a political subdivision;
JOHN DOES CITY OF HURRICANE POLICE
OFFICERS, in their individual capacities as police
officers of the City of Hurricane; and
CITY OF HURRICANE, a political subdivision,

Defendants.

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 45).

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). *See also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). "[L]eave to amend a pleading should be denied only when the amendment

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426 (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff received information from the parties' initial disclosures and a subpoena to the West Virginia State Police. Pl.'s Mot. Leave to Amend, at 1. Plaintiff states that this information was not previously available to them. *Id.* at 2. Based on this new information, Plaintiff seeks to amend their Complaint to add additional facts, names of previous Doe Defendants, and claims against the West Virginia State Police troopers, as well as to supplement existing claims. *Id.*, Ex. A.

Here, no party contends that this amendment would be prejudicial to Defendants or represents bad faith on the part of Plaintiff. Yet, Defendant City of Hurricane asserts that the amendment is futile to the extent that it realleges claims that would not survive a motion to dismiss. Resp. Mot. Leave to Amend, ECF No. 47, at 2–3. That is, City of Hurricane does not take offense to the amendment, so much as the underlying, substantially non-amended claims. This objection essentially asks the Court to decide the Motions to Dismiss now, at least for Defendant City of Hurricane.

While City of Hurricane cites several cases to support its contention that the amendment should be denied as futile, the Court finds these cases unpersuasive in the instant case. *See id.* First, City of Hurricane cites *Save Our Sound OBX, Inc. v. North Carolina Department of Transportation*. 914 F.3d 213, 228 (4th Cir. 2019). This case concerned the futility of new claims plaintiffs sought to add through an amended complaint. *Id.* at 228–29. In contrast, here, City of Hurricane asserts that each of the counts it considers futile are "in substance, the same claim the

City has already moved to dismiss." Resp. Mot. Leave to Amend, at 3. As City of Hurricane does not object to the amendment itself, but instead the underlying claim, *Save Our Sound* is inapposite.

Second, City of Hurricane cites *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*. 525 F.3d 370, 376 (4th Cir. 2008). In this case, the Fourth Circuit upheld the district court's denial of leave to amend for a third amended complaint concerning the same facts and statute as claims previously dismissed by the district court. *Id.* at 375, 375 n.1. Ultimately, the court deemed the third amended complaint futile for the same reasons it dismissed the prior claims. *See id.* at 375 n.1, 376. In contrast, here, the Court has yet to rule on a Motion to Dismiss under any facts. Thus, this case too is unconvincing.

Considering the liberal interpretation of Federal Rule of Civil Procedure 15(a)(2) and that the information added to the proposed Amended Complaint was not previously available to Plaintiff and appears important to the resolution of the case on the merits, the Court finds that justice requires such an amendment. *See* Fed. R. Civ. P. 15(a)(2); *Laber*, 438 F.3d at 426. The Court will consider the parties' supplemental briefing on the Motions to Dismiss as applied to the Amended Complaint before resolving the Motions to Dismiss themselves.[1]

The Court **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 45). The Court **LIFTS** the Court's earlier Stay of Defendants' Motions to Dismiss (ECF No. 40). The Court **DIRECTS** Plaintiff to file separate Supplemental Responses to Defendants' Motions to Dismiss (ECF Nos. 7, 12) **on or before September 29, 2026**. Each Defendant may file a Surreply to Plaintiff's Supplemental Response **on or before October 9, 2026**.

[1] The Court notes Defendant City of Hurricane's concern for efficiency and heeding prior motions. Accordingly, the Court grants a renewed, streamlined Rule 12 briefing schedule as set forth above.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 15, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE